UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-22332-CIV-MOORE/SIMONTON

SUNSHINE RESTAURANT
PARTNERS, L.P.,

    Plaintiff,

vs.

SHIVSHAKTI ONE, INC.,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

THIS CAUSE came before the Court upon Plaintiff's Motion to Dismiss Counterclaims (dkt # 18).

UPON CONSIDERATION of the Motion, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**

This case involves a dispute between a franchisor and franchisee concerning the franchisor's termination of the franchise licensing agreement. Plaintiff Sunshine Restaurant Partners, L.P. ("Sunshine") is exclusively authorized by International House of Pancakes ("IHOP") to own, operate and provide licenses to sub-franchisees for the operation of IHOP restaurants in Florida. On October 23, 1998, FMS Management Systems, Inc., a predecessor corporation of Sunshine, entered into a licensing agreement (the "Licensing Agreement") (dkt # 10-5) with Defendant Shivshakti One, Inc., ("Shivshakti") authorizing Shivshakti to operate an IHOP restaurant. On July 3, 2008, Sunshine sent Shivshakti a Notice of Default of the Licensing Agreement (dkt # 10-6) based on past due royalty

and advertising fees and demanding that Shivshakti cure the default within five days. On July 24, 2008, Sunshine sent Shivshakti a Confirmation of Termination of the Licensing Agreement and Demand for Compliance (dkt # 10-7) due to Shivshakti's failure to cure the default. Sunshine filed the Complaint (dkt # 1) in this cause on August 22, 2008, seeking injunctive relief and damages. A preliminary injunction was granted on October 9, 2008 (dkt # 20).

On September 12, 2008, Shivshakti filed an answer and asserted counterclaims including breach of the Licensing Agreement and breach of implied covenant of good faith and fair dealing. The claim for breach of the Licensing Agreement is based on Sunshine's collection of advertising fees from Shivshakti which Sunshine used to promote stores owned by Sunshine, but not the store owned by Shivshakti. The claim for breach of implied covenant of good faith and fair dealing is based on the allegation that Shivshakti sought out a location for a new store but that Sunshine ultimately opened a store in that location, which is now in direct competition with Shivshakti's store.

## II.   STANDARD OF REVIEW

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). A complaint must contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis,

297 F.3d 1182, 1188 (11th Cir. 2002). However, as long as the allegations rise above a speculative level, a well-pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (*overruled on other grounds by* Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959-60 (2007) (citation omitted)).

## III.   ANALYSIS

### A. Breach of the Licensing Agreement

Sunshine asserts that Shivshakti's counterclaim for breach of the Licensing Agreement should be dismissed for failure to state a claim because the Licensing Agreement vests Sunshine with sole discretion in the use of advertising funds. The Licensing Agreement requires Shivshakti to pay a weekly advertising fee of one percent of gross sales. Licensing Agreement, § V(A) (dkt # 10-5). Of this amount, twenty-five percent is allocated to IHOP for advertising and enhancing the trade name and trademark. Id., § V(B). The remainder is allocated to Sunshine for "similar purposes." Id. "All matters concerning the nature, location, placement or other aspects of the advertising to be conducted with Licensee's funds pursuant to this section of this Agreement, including the geographical area to be covered by such advertising, shall be determined in the sole discretion of IHOP or [Sunshine], as the case may be." Id., § V(C).

The Licensing Agreement also provides:

> [Sunshine] may develop or assist in developing cooperative advertising campaigns by licensees, with or without the participation of [IHOP] restaurants owned or operated by [Sunshine], except as may be otherwise provided herein, within marketing areas designated by [Sunshine] in its sole discretion. In the event that the owners or operators of a majority of all [IHOP] restaurants within such a marketing area, other than [Sunshine], elect to participate in a cooperative advertising campaign, Licensee's participation in such a cooperative advertising campaign shall be mandatory, but the cost thereof shall not exceed three percent (3%) of Licensee's gross sales. If a cooperative advertising campaign is

3

> developed within the designated marketing area which requires Licensee's participation under the terms of this subsection, [IHOP] restaurants owned or operated by [Sunshine] within the said marketing[1]

Id., § V(D). Shivshakti's claim for breach of the Licensing Agreement is based on subsection V(D) of the Licensing Agreement. Shivshakti asserts that in addition to the one percent weekly advertising fee mandated by subsection V(A), it also participated in a marketing campaign initiated by Sunshine under subsection V(D), which required Shivshakti to pay additional advertising fees of one-and-a-half percent of gross sales.[2] Answer, ¶ 31. Subsection V(D) grants Sunshine sole discretion to select the geographic area in which to initiate cooperative advertising campaigns. If Sunshine initiates such a campaign, the franchisees within the geographic area selected, excluding Sunshine, may vote for or against participation. If a majority of the franchisees vote in favor of participation, all franchisees within the relevant geographic area must pay the associated advertising fees, up to three percent of gross sales.

Shivshakti alleges that Sunshine initiated a cooperative campaign under subsection V(D), collected the advertising fees, and then used the fees to promote Sunshine's stores while excluding Shivshakti's store. Sunshine contends that even if this allegation is true, subsection V(C)'s broad grant of authority over Sunshine's allocation of advertising fees vests Sunshine with sole discretion over the use of the funds.[3] "A primary rule of contract interpretation is that where provisions in an

---

[1] The final sentence of subsection V(D) is an incomplete clause that ends without punctuation.

[2] An advertising campaign conducted by Sunshine requiring Shivshakti to pay one-and-a-half percent of gross sales could only be conducted under subsection V(D) of the Licensing Agreement because subsection V(A) only authorizes advertising fees of one percent.

[3] Subsection V(C) states: "All matters concerning the nature, location, placement or other aspects of the advertising to be conducted with Licensee's funds pursuant to this section of this Agreement, including the geographical area to be covered by such advertising shall be determined in the sole discretion of IHOP or [Sunshine], as the case may be."

4

agreement appear to be in conflict, they should be construed so as to be reconciled if possible, and in so doing, the court should strive to give effect to the intent of the parties in accord with reason and probability as gleaned from the whole agreement and its purpose." Sims v. Clarendon Nat. Ins. Co., 336 F. Supp.2d 1311, 1320-21 (S.D.Fla. 2004) (citing Arthur Rutenberg Corp. v. Pasin, 506 So.2d 33, 34 (Fla. 4th DCA 1987) (internal quotation marks omitted). If Sunshine's interpretation of the Licensing Agreement is correct, it would permit Sunshine to initiate a cooperative marketing campaign, entice franchisees within the geographic region to vote in favor of the campaign, and then use the funds for the sole purpose of promoting Sunshine's own stores, while excluding the stores of the franchisees financing the marketing campaign. While the Licensing Agreement's grant of discretion to Sunshine over use of the advertising funds is undoubtedly broad, a cognizable argument could be made that Sunshine's interpretation of subsection V(C)'s is so broad that it is inconsistent with subsection V(D) and inconsistent with the intent of the parties as gleaned from Section V and the Licensing Agreement in its entirety. This Court need not weigh the merits of these contentions, except to find that they rise above the level of the speculative. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Accordingly, the claim for breach of the Licensing Agreement may not be dismissed for failure to state a claim.

B. Breach of Implied Duty of Good Faith and Fair Dealing

Shivshakti asserts that Sunshine breached its implied duty of good faith and fair dealing by opening a store in a location it knew Shivshakti was interested in establishing a new store and creating additional competition for Shivshakti's store. The implied covenant of good faith and fair dealing is a part of every contract under Florida law." Ernie Haire Ford,. Inc. v. Ford Motor Co., 260 F.3d 1285, 1291 (11th Cir. 2001). As explained by the Eleventh Circuit:

5

> [N]o independent cause of action exists under Florida law for breach of the implied covenant of good faith and fair dealing. Where a party to a contract has in good faith performed the express terms of the contract, an action for breach of the implied covenant of good faith will not lie. More specifically, a cause of action for breach of the implied covenant cannot be maintained (a) in derogation of the express terms of the underlying contract or (b) in the absence of breach of an express term of the underlying contract."

Burger King Corp. v. Weaver, 169 F.3d 1310, 1317-18 (11th Cir. 1999). The Licensing Agreement permits Sunshine to open additional stores, as long as the new store is not within two miles of Shivshakti's store. Licensing Agreement, I(D). No other provision of the Licensing Agreement requires Sunshine to grant Shivshakti a license to open additional stores. Sunshine's opening of the store in question does not breach an express term of the Licensing Agreement. Rather, the location of the store conforms with the only provision of the Licensing Agreement that addresses limitations on the location of new stores. Id. Accordingly, Shivshakti's claim for breach of implied covenant of good faith and fair dealing is dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Dismiss Counterclaims (dkt # 18) is GRANTED IN PART and DENIED IN PART. The motion is DENIED with respect to Shivshakti's claim for breach of the Licensing Agreement. The motion is GRANTED with respect to the claim for breach of implied covenant of good faith and fair dealing.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of November, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record